JOHN S. LEONARDO
United States Attorney
District of Arizona
BEVERLY K. ANDERSON
Assistant U.S. Attorney
State Bar No. 010547
CORY M. PICTON
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: bev.anderson@usdoj.gov
Email: cory.picton@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>Plaintiff,<br><br>vs.<br><br>Octavio Acosta De La Torre,<br><br>Defendant. | CR 16-0858-TUC-JGZ (JR)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1. The defendant agrees to plead guilty to Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, and 19, in the Indictment, which charge the defendant with ten (10) violations of 18 U.S.C. § 844(e), False Threats to Persons and Property Using or Affecting Interstate Commerce. The remaining counts of the Indictment will be dismissed at sentencing.

## STIPULATIONS, TERMS AND AGREEMENTS

2. <u>Maximum Penalties</u>

   a. A violation of 18 U.S.C. § 844(e) is punishable by a maximum fine of $250,000.00, a term of imprisonment of up to ten (10) years, or both, plus a term of supervised release of three years and a special assessment of $100.

     b.    Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

          (1)    order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

          (2)    order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

     c.    Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on defendant of $100.00 per felony count. The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

     d.    Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is her automatic removal from the United States.

Agreements Regarding Sentence

3.    <u>Guideline Calculations</u>: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under Title 18, United States Code, Section 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties believe that the following guideline calculations apply to the charges for which the defendant is pleading guilty:

    Base Offense Level              2A6.1(a)           12

| | | |
|---|---|---|
| Substantial Disruption | 2A6.1(b)(4) | +4 |
| Combined Offense Level | 3D1.4 | +5 |
| Acceptance of Responsibility | 3E1.1(a) & (b) | -3 |
| Total Adjusted Offense Level: | | 18 |

4. Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

**The defendant will be sentenced to no more than the bottom of the applicable guideline range of imprisonment, followed by a period of supervised release, from 1 to 3 years, to be determined by the Court.**

5. The defendant shall have no contact with the victims, directly or indirectly, as set forth in the indictment.

6. The defendant understands and agrees to abide by all terms and conditions of supervised release, including medical, mental health and correctional treatment, as recommended by the United States Probation Office and ordered by the district court.

7. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing.

8. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

9. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

10. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate,

1  it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in
2  accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's
3  guilty plea.

Plea Addendum

4
5  11.   This written plea agreement, and any written addenda filed as attachments to this plea
6  agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any
7  such agreements exist, shall be recorded in a separate document and may be filed with the Court
8  under seal. Accordingly, additional agreements, if any may not be in the public record. The United
9  States may file a Plea Addendum in this case, even though there may or may not be any additional
10 terms.  Defendant and defendant's attorney acknowledge that no threats, promises or
11 representations exist beyond the terms of this plea agreement.

Waiver of Defenses and Appeal Rights

12
13 12.   The defendant waives any and all motions, defenses, probable cause determinations, and
14 objections which the defendant could assert to the information, indictment, or to the petition to
15 revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon
16 the defendant, providing the sentence is consistent with this agreement.  The defendant further
17 waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to
18 appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742
19 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence
20 under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant
21 acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the
22 defendant might file challenging his/her conviction or sentence in this case. If the defendant files
23 a notice of appeal, or a habeas petition, notwithstanding this agreement, defendant agrees that this
24 case shall, upon motion of the government, be remanded to the district court to determine whether
25 defendant is in breach of this agreement and, if so, to permit the government to withdraw from the
26 plea agreement.  This waiver shall not be construed to bar a claim by the defendant of ineffective
27 assistance of counsel.

Reinstitution of Prosecution

28

13. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

14. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges and/or allegations of supervised release violations as to which it has knowledge, and any charges and/or allegations of supervised release violations that have been dismissed or not alleged because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

<u>Disclosure of Information to U.S. Probation Office</u>

15. The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully and truthfully with the United States Probation Office in providing all information requested by the probation officer, including, but not limited to:

(A) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(B) All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(C) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(D) All history of mental illness or conditions which would warrant a treatment

condition as part of sentencing.

### Effect of Other Proceedings

16. This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

17. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

### **WAIVER OF DEFENDANT'S RIGHTS**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

1   I am satisfied that my defense attorney has represented me in a competent manner.

2   I am not now on or under the influence of any drug, medication, liquor, or other intoxicant
3   or depressant, which would impair my ability to fully understand the terms and conditions of this
4   plea agreement.

## ELEMENTS OF THE OFFENSE

(1) The defendant, through the use of telephone or other instrument of interstate commerce;

(2) Maliciously conveyed false information;

(3) In and affecting interstate commerce;

(4) Knowing it to be false;

(5) Concerning an attempt or alleged attempt being made, or to be made,

    a) to kill, injure, or intimidate any individual, or

    b) unlawfully to damage or destroy any building, vehicle, or other real or personal property; and

(6) By means of fire or an explosive device.

## FACTUAL BASIS AND SENTENCING FACTORS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

Beginning on March 22, 2016 and continuing until March 29, 2016, I, Octavio Acosta De La Torre made telephonic bomb threats to at least ten (10) locations throughout the Tucson and Phoenix area. Many of the locations and nearby businesses were evacuated and cleared by bomb squad units prior to allowing the occupants to reenter. These bomb threats originated from the Mexican phone number belonging to me: 52 633-123-8817.

**Count 1**

On March 22, 2016, at approximately 11:05 a.m., the Arizona Attorney General's Office located at 1275 West Washington Street in Phoenix received a bomb threat over the telephone. The caller first stated, "Is your address twelve-seventy-five...there are thousands of bombs surrounding the building. This is for messing with ISIS, bitch!" The phone system receiving the call indicated the incoming phone number as 52 633-123-8817. The building was evacuated. No devices were located.

**Count 3**

On March 22, 2016, at approximately 11:33 a.m., the General Services Administration office, Federal Building located at 300 W. Congress, Tucson received a bomb threat over the telephone. The caller stated, "Is this 300 West Congress federal building? How many Marshals do you think are going to die today? How many Marshals are going to die 'cause there is a bomb in the building...El Chapo mother fucker." The phone system receiving the call indicated the incoming phone number as 52 633-123-8817. The building was evacuated. No devices were located.

**Count 5**

On March 22, 2016, at approximately 12:08 p.m., the El Rio Community Health Center, Administration/Call Center, located at 450 West Paseo Redondo, in Tucson, received a bomb threat over the telephone. The caller stated, "In the name of Ismael Frisby, there is a bomb going off at 12:30, right there at El Rio on Congress." The phone system receiving the call indicated the incoming phone number as 52 633-123-8817. The El Rio Community Health Center, 839 W. Congress, Tucson location was evacuated. No devices were located. Rosa Frisby works for the El Rio Community Health Center. Ismael Frisby is Rosa Frisby's husband.

**Count 7**

On March 22, 2016, at approximately 12:15 p.m., the El Rio Neighborhood Community Center, located at 1390 W. Speedway, Tucson received a bomb threat over the telephone. The caller identified the name "Ismael" and stated, "I am calling to tell you there is a bomb in the building and it is going off at 12:30." The phone system receiving the call indicated the incoming phone number as 52 633-123-8817. The building was evacuated. No devices were located.

**Count 9**

On March 22, 2016, at approximately 2:35 p.m., Marana High School located at 12000 W. Emigh Road in Tucson received a bomb threat over the telephone. The caller stated, "There is a bomb in the library." The phone system receiving the call indicated the incoming phone number as 52 633-123-8817. The school was evacuated. No devices were located.

**Count 11**

On March 23, 2016, the El Rio Community Health Center, Administration/Call Center, located at 450 West Paseo Redondo, in Tucson, received a bomb threat over the telephone. The caller stated, "I am just calling to give you a tip about a bomb set at your building; set for 8 o'clock in the morning." The phone system receiving the call indicated the incoming phone number as 52 633-123-8817. The El Rio Community Health Center, 839 W Congress, Tucson location was evacuated. No devices were located.

**Count 13**

On March 25, 2016, at approximately 12:38 p.m., Tucson Dermatology Ltd located at 6640 E. Carondelet Drive in Tucson received a bomb threat over the telephone. The caller stated, "There is a bomb. It will explode in five minutes. Long live Allah." The phone system receiving the

call indicated the incoming phone number as 52 633-123-8817. The business and all adjacent offices were evacuated. No devices were located.

### Count 15

On March 29, 2016, at approximately 2:08 p.m., Palo Verde High School located at 1302 S. Avenida Vega in Tucson received a bomb threat over the telephone. The caller stated, "There is a bomb in the high school and don't call TPD." The phone system receiving the call indicated the incoming phone number as 52 633-123-8817. The school was evacuated. No devices were located.

### Count 17

On March 29, 2016, at approximately 2:15 p.m., Desert View High School located at 4101 E. Valencia Road in Tucson received a bomb threat over the telephone. The caller stated, "The cafeteria has been blessed with a bomb." The phone system receiving the call indicated the incoming phone number as 52 633-123-8817. The school was evacuated. No devices were located.

### Count 19

On March 29, 2016, at approximately 2:23 p.m., Amphitheater High School located at 125 W. Yavapai Road in Tucson received a bomb threat over the telephone. The caller stated, "A bomb has been placed at your location for all the dumb shit that you do." Phone logs indicated the incoming phone number as 52 633-123-88. The last two digits (17) of the phone number belonging to Octavio Acosta De La Torre were cut off by the phone logs. The school was evacuated. No devices were located.

I agree that the expression of harm contained in my telephone calls was false and malicious. I agree that my telephonic bomb threats traveled through and/or affected interstate commerce.

_11/22/16_
Date

_Octavio Acosta_
Octavio Acosta De La Torre
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

_11/22/16_
Date

Mark Willimann, Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

11/22/16
Date

*/s/ BA*

BEVERLY K. ANDERSON
Assistant U.S. Attorney

- 12 -