*The Law Office of Mark F. Willimann, LLC*
Mark F. Willimann, AZ Bar No. 017556
P.O. Box 91010
Tucson, AZ 85752
Tel: (520) 579-6622
mfwillimann@mfwlawoffice.com

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>OCTAVIO ACOSTA de la TORRE,<br><br>    Defendant. | CR 16-858-TUC-DCB (JR)<br><br>SENTENCING MEMORANDUM |

  In its Sentencing Memorandum, the government presented Mr. Octavio Acosta de la Torre's conduct correctly. There is one fact, however, that the government failed to mention: Acosta made all those telephone calls *from Mexico, and when he learned that there was a warrant for his arrest, he turned himself over to the government at the United States port-of-entry Douglas on April 1, 2016, <u>voluntarily</u>.*

  Indeed, at ¶ 9 of the Presentence Report, it recites this point exactly: "When asked his name and date of birth, [Acosta] admitted he was a citizen of Mexico *and that he wished to surrender as there was a*

1

*warrant for his arrest."*

From his perspective, the person the Court will sentence on February 21, 2017, was not the same person who made those calls from Mexico during March and April 2017 into the United States. The person who turned himself in at the port-of-entry on April 1, 2016, has now received medical treatment to resolve some of his mental and physical issues that plagued him then. For example, on the second page of the Presentence Report, it reports Acosta's weight as "130 pounds." Today, Acosta will tell the Court he weighs, more than, 200 pounds; thus, his physical health has improved dramatically since his initial incarceration.

Likewise, the detention center has provided much needed medication to improve Acosta's mental health as well. Immediately after his arrest, Acosta submitted to a mental health evaluation. The psychological "evaluator reviewed prior mental health records [that] indicated that [Acosta] was previously diagnosed with bipolar, antisocial personality disorder and cocaine dependency." As a result, the detention center "prescribed Risperdal and Depakote" reduce his psychological insufficiencies. [1]

While the psychologist found Acosta competent to assist in his own

---

[1] Presentence Report at ¶ 131.

defense,[2] undersigned counsel will tell the Court that Acosta exhibited a dramatic and positive improvement in his mental health since he was first incarcerated. In fact, Acosta has transformed himself from a combative paranoid person who was unable to communicate appropriately to someone who can coherently converse on a myriad of different topics with anyone.

Unfortunately, in his past, Acosta had unsuccessfully tried to address his mental health issues using dangerous illicit drugs, or engaging in risky behavior (including ideations of suicide). None of these options, however, offered Acosta any chance to resolve his mental health condition successfully.

As to what motivated Acosta to act as he did in committing the rash of dangerous telephone calls, the best that can be gleaned from speaking him to why he did what he did was that he was in an extremely "manic" phase associated with the panoply of mental health issues that beleaguered him at that time.

Ultimately, Acosta admits that he committed the acts the government described in its Sentencing Memorandum without reservation, but he honestly believes that he did it subconsciously as a

---

[2] *Id.,* at 132.

"cry for help" because he had become desperate being alone in Mexico—"[h]is parents and siblings are all legal permanent residents" of the United States.[3]

Thus, the question is: How severely do we punish someone who might not have had the capacity to control themselves because of mental health issues?

The government asks this Court to sentence Mr. Acosta to a term of 33 months. The U.S. Probation Department recommends a sentence of 33 months. And, in concert with the government and Probation, Mr. Octavio Acosta de la Torre prays that this Court will sentence him to a term of 33 months because this sentence adequately addresses all of the 18 U.S.C. § 3553(a)'s factors.

Respectfully submitted this 13th day of February 2017.

/s/ *Mark F. Willimann*
Mark F. Willimann, Esq.
Representing Mr. Octavio Acosta de la Torre

---

[3] *Id.,* at ¶ 123.