# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **Octavio Acosta De La Torre** | No.  CR-16-00858-001-TUC-DCB (JR) |
| | Mark Francis Willimann (CJA) |
| | Attorney for Defendant |
| USM#: 10480-196        ICE# A090531200 | |

**THE DEFENDANT ENTERED A PLEA OF** guilty on 11/22/2016 to Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, and 19 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §844(e), False Threats through Mail/Telephone/Telegraph to Kill, Injure or Intimidate, a Class C Felony offense, as charged in Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, and 19 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **THIRTY-THREE (33) MONTHS on Counts** 1, 3, 5, 7, 9, 11, 13, 15, 17, and 19, said counts to run concurrently, with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS**, said counts to run concurrently.

**IT IS ORDERED** that all remaining counts are dismissed on motion of the United States.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $1,000.00   **FINE:** WAIVED     **RESTITUTION:** $45,769.29

The defendant shall pay a special assessment of $1,000.00 which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay restitution to the following victim(s) in the following amount(s):
Arizona Attorney General, in the amount of $45,769.29.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility  Program.  Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1,

Case 4:16-cr-00858-DCB-JR   Document 53   Filed 02/21/17   Page 2 of 4

CR-16-00858-001-TUC-DCB (JR)                                                                    Page 2 of 4
USA vs. Octavio Acosta De La Torre

Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $1,000.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 1,3,5,7,9,11,13,15,17,19 of the Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

It is the order of the Court that, pursuant to General Order 16-23, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:

## MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4) If convicted of a felony or any other qualifying offense, you must cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation

Case 4:16-cr-00858-DCB-JR   Document 53   Filed 02/21/17   Page 3 of 4

CR-16-00858-001-TUC-DCB (JR)                                                  Page 3 of 4
USA vs. Octavio Acosta De La Torre

|     | officer within 72 hours of becoming aware of a change or expected change. |
| --- | --- |
| 6)  | You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view. |
| 7)  | You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| 8)  | You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. |
| 9)  | If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours. |
| 10) | You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). |
| 11) | You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court. |
| 12) | If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. |
| 13) | You must follow the instructions of the probation officer related to the conditions of supervision. |

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1) If deported, you shall not re-enter the United States without legal authorization.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The

Case 4:16-cr-00858-DCB-JR   Document 53   Filed 02/21/17   Page 4 of 4

CR-16-00858-001-TUC-DCB (JR)                                                    Page 4 of 4
USA vs. Octavio Acosta De La Torre

waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons and recommends that the defendant remain at CCA in Tucson, Arizona so that the defendant may continue his participation in the Christian program currently attending or designate the defendant to a facility that offers a similar program.

Date of Imposition of Sentence: **Tuesday, February 21, 2017**

Dated this 21st day of February, 2017.

Honorable David C. Bury
United States District Judge

**RETURN**

I have executed this Judgment as follows:

defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

United States Marshal                                    By:       Deputy Marshal

CR-16-00858-001-TUC-DCB (JR) - De La Torre       2/21/2017 - 12:29 PM